**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4628**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTHONY SHAW, II,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:21-cr-00144-DJN-1)

───────────────

Submitted: June 11, 2024                                          Decided: September 5, 2024

───────────────

Before WILKINSON and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Laura J. Koenig, Assistant Federal Public Defender, Darius R. Holloway, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Shaw, II, pled guilty, pursuant to a conditional plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 52 months' imprisonment, consecutive to any state sentence imposed. On appeal, Shaw challenges the district court's order denying his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Finding no reversible error, we affirm.

"We assess de novo the legal determinations underlying a district court's suppression rulings, including the denial of a *Franks* hearing, and we review the court's factual findings relating to such rulings for clear error." *United States v. White*, 850 F.3d 667, 672 (4th Cir. 2017) (internal quotation marks omitted). "In doing so, we must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted).

"An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit" by way of a motion to suppress. *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). "In its decision in *Franks* . . . , however, the Supreme Court carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing on the veracity of statements in the affidavit." *Id.* Under *Franks*, a defendant is entitled to suppression of evidence seized if, during an evidentiary hearing, "perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and,

2

with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Franks*, 438 U.S. at 156. To obtain a *Franks* hearing, the "defendant must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause." *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted).

An allegation of falsity "cannot be conclusory"; instead, it "must rest on affidavits or other evidence . . . showing that the statements at issue are objectively false." *Id.* Affidavits, which "are normally drafted by nonlawyers in the midst and haste of a criminal investigation," "must be interpreted in a commonsense manner," and "[m]ere imprecision does not, by itself, show falsity." *Id.* at 372 (internal quotation marks omitted). Even if falsity is established, "[t]he second showing, requiring intentional falsity or reckless disregard for the truth, is just as demanding. An innocent or even negligent mistake by the officer will not suffice." *Id.* at 371. To establish recklessness in this context, "the particular affiant must have been subjectively aware that the false statement . . . would create a risk of misleading the reviewing magistrate judge and nevertheless chose to run that risk." *United States v. Pulley*, 987 F.3d 370, 377 (4th Cir. 2021). "And here too, the defendant must provide facts—not mere conclusory allegations." *Moody*, 931 F.3d at 371.

"The *Franks* test also applies when affiants omit material facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (internal quotation marks

3

omitted). "When a defendant relies on an omission, [his] heavy burden is even harder to meet." *United States v. Haas*, 986 F.3d 467, 474 (4th Cir. 2021). This is because "the affirmative inclusion of false information in an affidavit is more likely to" invalidate a warrant than an omission, as "[a]n affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *Colkley*, 899 F.2d at 300-01. In this context, "[a]n officer acts with reckless disregard when []he fails to inform the magistrate of facts []he subjectively knew would negate probable cause. And the mere fact that information was omitted from an affidavit cannot alone show recklessness or intentionality." *Haas*, 986 F.3d at 475 (citation omitted).

Regarding the final showing, courts consider the totality of the circumstances to determine whether the false or omitted information was necessary to establish probable cause. *See Lull*, 824 F.3d at 118; *Colkley*, 899 F.2d at 301. "A district court may not hold a *Franks* hearing where, after stripping away the allegedly false statements, the truthful portions of the warrant application would still support probable cause." *Moody*, 931 F.3d at 371. And "[o]mitted information that is potentially relevant but not dispositive [of the probable cause determination] is not enough to warrant a *Franks* hearing." *Colkley*, 899 F.2d at 301. This prong of the *Franks* inquiry serves "to prevent the admission of evidence obtained pursuant to warrants that were issued only because the issuing magistrate was misled into believing that there existed probable cause." *Moody*, 931 F.3d at 371 (internal quotation marks omitted).

If the defendant makes "a substantial preliminary showing" of the three *Franks* factors, then the district court "must hold a *Franks* hearing to develop the evidence on the

4

affidavit's veracity." *Haas*, 986 F.3d at 474. And if the defendant establishes these three factors by a preponderance of the evidence at the hearing, "the search warrant must be voided and the fruits of the search excluded." *Franks*, 438 U.S. at 156.

Shaw argues that the district court erred in denying his motion for a *Franks* hearing based on the deputy's misrepresentations and omissions in the search warrant affidavit. He contends that, while each misrepresentation and omission alone might not have been sufficient to defeat probable cause, the errors combined created an affidavit that exaggerated his connection to the premises to be searched and gave a false impression of the duration and scope of the investigation. Had the deputy been truthful and forthcoming, Shaw avers, the magistrate would not have found probable cause for the search.

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that the district court did not err in denying Shaw's motion for a *Franks* hearing. We agree with the district court that the search warrant affidavit was sloppy, as it contained some false or imprecise statements and omitted certain details about the investigation. But we also agree with the district court that Shaw failed to make a substantial preliminary showing that the misrepresentations and omissions were made intentionally or with reckless disregard for the truth or that they were crucial to the magistrate's finding of probable cause.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*